**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

F.Z.,

                    Petitioner,

          v.

FERETI SEMAIA, et al.,

                    Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:26-cv-00634-MRA-SP

**ORDER ACCEPTING FINDINGS
AND RECOMMENDATION OF
UNITED STATES MAGISTRATE
JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Amended Report and Recommendation of the United States Magistrate Judge (the "Amended Report"). Respondents did not file any written Objections to the initial Report and Recommendation. The initial Report and Recommendation recommended Petitioner's immediate release. The Amended Report recommends the same disposition. The Court accepts the amended findings and proposed disposition of the Magistrate Judge and **GRANTS** the Petition. *See* Fed. R. Civ. P. 72(b)(3) (explaining that the District Judge "may accept, reject, or modify the [Magistrate Judge's] recommended disposition").

The Court agrees with the Magistrate Judge's determination that the Court has jurisdiction over Petitioner's claims, and that Petitioner's re-detention without adequate procedural protections violated his due process rights under the Fifth Amendment.

However, the Amended Report does not address the parties' briefing and argument in connection with Petitioner's Second Ex Parte Application for a Temporary Restraining Order ("Second TRO Application"), which the Court finds pertinent to its decision to grant Petitioner's release at this stage of the post-removal process.

On March 20, 2026, Petitioner filed the Second TRO Application seeking his immediate release from custody, as well as an order enjoining Respondents from re-detaining him absent compliance with the Due Process Clause of the Fifth Amendment. ECF 17.  Petitioner filed the Second TRO Application based on intervening events—namely, the government's intention to remove Petitioner to China in a matter of days. *Id.* at 6. On March 21, 2026, Respondents filed an Opposition to the Second TRO Application. ECF 18.  Respondents argued the Court lacked jurisdiction to enjoin Petitioner's removal pursuant to 8 U.S.C. §§ 1252(g), 1252(a)(5), and 1252(b)(9), because Petitioner had a final order of removal and removal was imminent. *Id.* at 3-5.  On March 23, 2026, Petitioner filed a Reply in support of his Second TRO Application, stressing the urgency of his need for relief given the government's plans to remove him.  ECF 19.

On March 24, 2026, the Court held a hearing on the Second TRO Application.  ECF 21.  The key issue the Court considered was whether Petitioner's order of removal was final, thereby stripping the Court of jurisdiction to release Petitioner (as recommended by the Magistrate Judge) because release would interfere with the government's ability to execute his removal. *See Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022) (holding that 8 U.S.C. § 1252(g) prohibits the court from reviewing a challenge to the Attorney General's exercise of discretion to execute a final order of removal).  The government argued that Petitioner's order of removal became final in 2024 when he failed to timely appeal the Immigration Judge's decision denying his motion to reopen, and his late appeal to the Board of Immigration Appeals ("BIA") did not make the removal order any less final.  Petitioner argued that his removal order was not final because of his BIA appeal and pending motion before the BIA seeking a stay of removal.  Given conflicting information and the lack of documentation at the time of the hearing establishing that petitioner was

subject to a final order of removal, the Court ordered supplemental briefing from the parties regarding whether Petitioner's removal order was in fact final. Notably, in the initial Report and Recommendation, the Magistrate Judge had found that "all parties agreed that petitioner [was] **no** longer subject to a final order of removal." ECF 14 at 4 (emphasis added). Moreover, in its Answer to the Petition, the government argued that Petitioner may be eligible for a bond hearing as a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). ECF 6 at 2. But only those without final orders of removal may be eligible *Bautista* class members, thereby raising more questions for the Court regarding Petitioner's immigration status.

On March 31, 2026, both parties submitted supplemental briefing explaining that the BIA had dismissed Petitioner's appeal, which removed any doubt about the finality of the removal order. ECF 24 at 2; ECF 25 at 2. However, before the Court was able to rule on the Second TRO Application, Petitioner appealed the BIA's order, and the Ninth Circuit entered a temporary stay of removal on April 3, 2026. ECF 26. As a result, Petitioner cannot be removed at this time; the government cannot execute Petitioner's removal until further order of the Ninth Circuit. *Id.* at 1. Thus, the Court is now assured that granting the Petition and releasing Petitioner does not interfere with the government's execution of a final order of removal.

//
//
//
//
//
//
//
//
//
//

***

IT IS THEREFORE ORDERED that: (1) Judgment be entered granting the Petition; (2) Respondents shall immediately release Petitioner from immigration custody; (3) Respondents are enjoined and restrained from re-detaining Petitioner unless they first follow the procedures set forth in 8 C.F.R. § 241.13(i), including providing Petitioner with adequate pre-deprivation notice and a meaningful opportunity to respond; and (4) all other pending motions, including Petitioner's Ex Parte Applications for a Temporary Restraining Order [8] [17], are hereby dismissed as moot.

Dated: April 14, 2026

_____
HONORABLE MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE